

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 18, 1949

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attn:  Hon. T. M. Trimble
First Assistant

Opinion No. V-759

Re: Authority of County
Superintendent or
Superintendent of
State aid school dis-
trict to act as co-
ordinator of county
veteran's school and
receive pay therefor.

Dear Sir:

We quote from your recent letter as follows:

"In order that this office may better
interpret the meaning of Sections 33 and
Section 40 of Article XVI of the State Con-
stitution, and to have a more concise un-
derstanding of the common law interpretation
of incompatibility of positions, I am sub-
mitting to you the following examples and
asking you to rule on each specific case:

"1.  A county superintendent, who is
drawing the statutory salary, takes on the ad-
ditional responsibility of coordinating the
county veterans school.  May he receive an ad-
ditional salary for the additional service
which he renders as coordinator of the county
veterans' school?

"2.  A superintendent of an independent
equalization aid school district is also act-
ing as coordinator of a veterans' school
which is operated by his board of trustees.
May he in addition to his regular salary re-
ceive an additional salary for his services
as coordinator of the veterans' school?"

Article 2683b, V. C. S., provides as follows:

"Sec. 2. The county school trustees of every county in the State of Texas are hereby authorized to maintain, operate and administer special schools in their respective counties and establish classes therein for the education and vocational training of veterans of World War II and also for any other educational benefits which may be provided by law for such veterans, all such schools and classes to be conducted under the jurisdiction and supervision of the respective county school boards in their respective counties. Provided, however, that no provision of the herein Section 2 of this Act shall apply to those counties in which a tax supported college or junior college is already operating such non-credit classes and schools for Veterans of World War II.

"Sec. 3. The State Board for Vocational Education is hereby authorized to allocate and pay to the respective county boards of trustees of the respective counties in this state, and such county trustees are hereby authorized to receive, such money as well as any private donations made for the same purpose and shall stand charged with the power and duty to maintain, operate and administer the same for the purposes above stated.

"Sec. 4. The county school trustees are authorized to employ instructors, as they may deem necessary, and to do and perform all things which they deem proper for the successful operation of such schools, and pay for all such by warrants drawn on funds received by them for the purpose."

The costs for the operation and maintenance of the "special schools" authorized under Article 2683b are paid at the direction of the State Board of Vocational Education to county boards of trustees operating such schools out of Federal funds received by the State Board in accordance with a State plan and contract approved and adopted by the Board and the Veterans Administration. Attorney General's Opinions Nos. O-6867 at page 4 et seq; V-51. The Federal funds so received and placed in the State Treasury have been appropriated to the specific purpose authorized by the Government. H. B. 542, 50th

Leg. Acts 1947, Secs. 4 and 5; Opinion No. O-6867. The State Board of Vocational Education acting under Section 3, Article 2683b, allocates and authorizes to be paid to each respective county board of trustees budgeted amounts needed for this program. A State warrant in lump sum for approved amounts is forwarded to participating county boards which, in turn, draw warrants on these funds received and deposited by them for this purpose. Section 4, Article 2683b. Thus, statutory authority is made for the Federal funds received by the State to reach the participating county boards to be used for the purpose of administration of these "special schools" for veterans by the county school boards.

Under the statute above quoted, it is clear also that the special schools or classes authorized therein constitute no part of the public free school system of Texas. They are not, nor was it intended that they be supported by any State public free school funds, per capita or equalization aid, county or local school district funds. Opinions Nos. O-6867, O-7258, V-51.

Article 2683b provides that the county school trustees may employ instructors and do all things which they may deem proper for the successful operation of such schools. Such instructors, teachers, co-ordinators as the county board deems proper for the operation of such schools and employs hold employments as distinguished from public offices. Attorney General's Opinions Nos. O-7446, O-7491, O-5087, O-371 have previously advised to the effect that a school teacher does not hold an office; he is an employee.

A county superintendent, of course, is a public officer. He holds a civil office of emolument. Article 2688, V. C. S. His salary is based on the scholastic population of the county and is paid monthly upon the order of the county school trustees out of the Available School Fund of the county. Article 2700, V. C. S.; Austin I.S.D. v. Marrs, 121 Tex. 72, 41 S. W. (2d) 9.

Attorney General's Opinion No. O-7323 advises that a superintendent of an independent school district holds a public office and that it is a civil office of emolument. Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120, later cited by the Supreme Court of Texas in Bonner v. Belsterling, 104 Tex. 432, 138 S. W. 571; Temple I. S.D. v. Proctor, 97 S. W. (2d) 1047, writ refused. His salary is paid out of local school funds of the district

including any State aid funds for which the district is eligible and has made application under H. B. 295, Acts 1947.

We now examine the general law to see if there is any legal inhibition to one person serving as county superintendent and co-ordinator of "special schools" authorized under Art. 2683b, or as superintendent of an Independent School District and co-ordinator of such special schools. Section 40 of Article XVI, Constitution of Texas, prohibits the holding by one person of more than one civil office of emolument, with certain exceptions not pertinent here. We have already determined herein that a co-ordinator employed by the county school board under Art. 2683b does not as such hold a civil office of emolument. It follows that the constitutional provision prohibiting dual office holding is not applicable and in itself would not prevent one person holding the office of county superintendent or the office of superintendent of an independent school district and the employment, co-ordinator, under consideration.

Section 33 of Art. XVI, Constitution of Texas, prohibits the accounting officers of this State from drawing or paying a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or United States. Since the State accounting officers neither draw nor pay a warrant upon the Treasury in favor of either the county superintendent, the superintendent of an independent school district, or the co-ordinator under consideration, this section is inapplicable. Attorney General's Opinions Nos. O-5087, O-7491. The prohibition in Section 33, Article XVI, is directed at payments out of the State Treasury on warrants issued and paid by the State's accounting officers. Attorney General's Opinion No. V-689.

We have considered the statutes relative to the respective duties incumbent upon a county superintendent and the co-ordinator under consideration, as well as those concerned with a superintendent of an independent school district and the co-ordinator, and we can conceive of no sound basis upon which it may be said that the duties of the double employments therein considered are incompatible. The county superintendent's duties are confined by statute to various matters pertaining to the public free school system in his county.

Article 2700, Sec. 2, V. C. S. The duties of a superintendent of an independent school district are likewise confined to matters pertaining to the public free school system of his school district. Art. 2781, V. C. S. Article 2683b specifically places authority in the county boards of trustees to maintain, operate and administer these "special schools" for veterans in their county, "all such schools and classes to be conducted under the jurisdiction and supervision of the respective county school boards in their respective counties." The question of the authority of a county school board to award additional pay or salary for the performance of additional duties fixed by law is not involved in the matters here under consideration.

Thus, if a county superintendent takes on the additional responsibility, that is, is employed by the county school board to act as co-ordinator of the county veteran schools, he may receive another salary to be paid from funds designated in Art. 2683b for this additional work, the performance of which is not required of him under the statutes fixing his duties as county superintendent.

We have observed that your second question is directed to a superintendent of an independent school district, which district is receiving State salary aid under H. B. 295, Acts 1947. You are concerned with eligibility of the school for State aid by virtue of the provision found in paragraph 4 of Sec. 1, Art. I, H. B. 295, Acts 1947, which reads:

"No school district will be eligible for any type of aid except tuition aid, under the provisions of this Act, which pays any salary above those specified in this Act from any State, Local or Federal funds whatsoever, except Federal funds used to supplement salaries of Vocational Agriculture, Home Economics and Trades and Industries teachers, and funds from the Federal Lanham Act." (Emphasis added).

The above-quoted provision, however, does not apply to the situation presented in this opinion, because the payment of State accepted Federal funds for the salaries of employees and instructors in the county veteran "special schools" is not made through any school district but is paid in the manner hereinabove set out.

Accordingly, if a superintendent of an independent school district takes on the additional responsibility, that is, is employed by the county school board to act as co-ordinator of the county veteran schools, he may receive a salary from funds designated in Art. 2783b for this additional work, the performance of which is not required of him in his official capacity as a school district superintendent.

This opinion covers only the legality of the dual employments discussed herein. It is not to be considered as an approval of the actions of county school boards in the employment of full-time public officials as instructors, co-ordinators, etc. in the county veteran schools, and in the payment of a salary therefor. It is entirely up to the county board of trustees and the school district to determine their respective policies concerning these matters.

## SUMMARY

A county superintendent employed by a county school board as co-ordinator of county veteran schools established under Art. 2683b, V.C.S., may receive a salary from funds designated in said Act for this work, the performance of which is not required of him in his official capacity as county superintendent.

A superintendent of an independent school district employed by a county school board as co-ordinator of county veteran schools, may receive a salary from funds designated in Art. 2683b, V.C.S., for this work, the performance of which is not required of him in his official capacity as independent school district superintendent. His acceptance of said salary will not render his school district ineligible for State aid.

Yours very truly,

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

CEO:mw:jcp:bh

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant